## MACE v HUBER et

Ohio Appeals, 1st Dist, Hamilton Co

No 5254. Decided October 11, 1937

Falk & Paul, Cincinnati, for appellee.
Clarence M. Smith; Cincinnati, for appellants.

### OPINION

By HAMILTON, J.,

There is no law in this case except the question of the weight of the evidence, and whether the plaintiff sustained the verdict and judgment by necessary proof.

The case appears to be one calling for the exercise of what is commonly known as "substantial justice."

Plaintiff sued on a claim for work and labor and pleaded a contract with Huber to pay him $1.50 an hour. He claims he worked under this contract 188 hours, and prayed for judgment in the sum of $282.00 against both defendants.

Defendants answered denying the contract alleged, denied owing plaintiff anything, and pleaded a contract at $2.00 per day which had been fully paid, and by way of cross-petition set up that plaintiff had occupied their lot with his trailer car, in which he and his family lived, for which he was to pay $7.00 per month, and claims there is $1.00 due them for rent, for which they ask judgment.

The case was tried to a jury which returned a verdict for plaintiff, Mace, for $247.67, on which amount judgment was entered. Defendants Hubers appeal to this court.

The record discloses that Mace testified the contract was for $1.50 per hour; Huber testifying it was for $2.00 per day, $1.00 to be applied to the rent of the lot. This cannot be reconciled with the fact that the rent was $7.00 per month.

The defendants claim settlement in full and introduce certain receipts to so show. Mace explains the receipt as being signed at the request of the Hubers to facilitate the filing of their income tax returns.

The credibility of the witnesses was for the jury, and we would not disturb the judgment were it not for an exhibit in the case which cannot be overlooked, and is not satisfactorily explained. The exhibit is a letter from the attorneys for Mace to George Huber, defendant, to the effect that he, Huber, owes Mace the sum of $75.45 for carpenter work and labor and $1.20 for some wire, totaling $76.65; that Mace had often demanded the payment of this sum; that if it were not paid immediately, suit would be filed. Why the claim was raised when the suit was filed does not appear. The only attempt to explain is, that the letter was to defendant, George Huber, and did not include Mrs. Huber. The trouble with this is, that Mace's suit is grounded on a verbal contract with George Huber at a price of $1.50. Mace knew this at the time the letter was sent demanding the $76.65. How Mace arrived at the sum of $76.65 we do not know, but in view of the fact that it is not claimed that Mrs. Huber had anything to do with the contract sued upon, at least there is nothing in the evidence to show that she had, and nothing else is offered to explain the amount demanded in the letter, the letter would go far to discredit Mace in supporting his claim for $282.00.

Our conclusion is that appellee be required to remit all in excess of $76.65, with interest thereon at 6% from the date of the judgment. If appellee consents to such remittitur, the judgment will be affirmed. If not, the judgment will be reversed, as against the evidence, and the cause remanded for a new trial.

ROSS, PJ, and MATTHEWS, J, concur.